# In the United States Court of Federal Claims

No. 21-937C
(Filed: May 24, 2021)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
RAYMOND ANTHONY HANNA EL,                        *
                                                 *
             Plaintiff,                          *
                                                 *
      v.                                         *
                                                 *
THE UNITED STATES,                               *
                                                 *
             Defendant.                          *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

### ORDER OF DISMISSAL
_____

On February 10, 2021, Plaintiff pro se Raymond Anthony Hanna El attempted to file this action, but failed to pay the required filing fee. On February 18, 2021, the Court ordered Plaintiff to pay the $402 fee or submit an application to proceed in forma pauperis by March 22, 2021. ECF No. 6. The Court noted that failure to comply with the Order could result in dismissal. Nonetheless, Plaintiff failed to submit the fee or the application. Dismissal without prejudice is appropriate where a plaintiff has not paid the filing fee or sought to proceed in forma pauperis. See Brown v. United States, 88 Fed. Cl. 795, 798 (2009). As such, this action is dismissed.

In any event, this Court would lack jurisdiction over this action. Plaintiff names the "United States Service Corporation for the District of Columbia Municipalities" as well as several judges in Florida courts as Defendants, but the only proper Defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). In addition, the claims Plaintiff seeks to raise are outside this Court's jurisdiction as he invokes sources that are not money-mandating, and this Court lacks jurisdiction to hear those claims. 28 U.S.C. § 1491; Lord Noble Kato Bakari El v. United States, 127 Fed. Cl. 700, 705 (2016) (holding that Article VI is not money-mandating); Gimbernat v. United States, 84 Fed. Cl. 350, 354 (2008) (finding that the Court of Federal Claims is not the proper forum for a cause of action arising under the Universal Declaration of Human Rights); Fry v. United States, 72 Fed. Cl. 500, 507-08 (2006) (finding that the Due Process Clause of the Fifth Amendment, the Ninth Amendment, the Tenth Amendment, the Fourteenth Amendment, and Article I, Section 10 are not money-mandating).

      To the extent that Plaintiff objects to his previous judicial proceedings in Florida, this Court lacks jurisdiction to review the decisions of those courts. <u>Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994).

      The Clerk is directed to dismiss this action.

*Mary Ellen Coster Williams*
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**
